IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN MICHAEL ROLPH, II | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-594 |
| JOHN MICHAEL ROLPH, SR. and SPRING GROVE INSTITUTE | * | |
| | * | |
| Defendants | | |

***

### MEMORANDUM

The above-entitled civil rights complaint (ECF 1) was received for filing on February 29, 2016, together with a motion to proceed in forma paupers (ECF 2), which shall be granted. The Complaint, filed by plaintiff John Rolph, II, who is self-represented, concerns several unrelated claims, predicated on 42 U.S.C. §§ 1983 and 1985.

Plaintiff is currently a patient at Spring Grove Hospital in Maryland. He alleges that, while he was incarcerated, his father, defendant John Rolph, Sr., improperly sold plaintiff's 2006 Jaguar S-Type R without his permission. ECF 1 at 3. Plaintiff asserts the vehicle was "extremely rare" and quite valuable (*id.* at 3) and that his father sold it for less than it was worth, together with personal items of plaintiff's property that were left in the car. Further, plaintiff claims that his father conspired with plaintiff's "former friend" (*id.*), and that his father's actions violated plaintiff's "constitutional rights, privileges or immunities" because the sale was unauthorized; his father's actions amount to grand theft; and his father was negligent in determining whether the car was actually damaged beyond repair before selling it. *Id.* at 4 – 5. The claim fails to state a federal cause of action and must be dismissed.

Section 1983 of Title 42 of the United States Code states: "Every person who, under

color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ."

Section 1983 provides a private cause of action for constitutional violations by persons acting under color of state law.  However, it "'is not  itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver,* 510 U.S. 266, 271, (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982).

To establish a claim under § 1983, a plaintiff must prove: (1) that the defendant, a person, "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant acted "under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson,* 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

Thus, in order to successfully assert a claim of violation of constitutional rights under § 1983, the defendant must be a state actor.  Specifically, the person charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state.

In limited circumstances, seemingly private conduct can be the subject of a §1983 suit. The Fourth Circuit has said: "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999).

Unauthorized sale of a motor vehicle does not fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). Plaintiff's father is not a state official, nor does his conduct as described by plaintiff have the imprimatur of official conduct. Indeed, plaintiff created a box and checked "no" in answer to the following handwritten question: "Was the defendant acting under the authority of the color of State law at the time these claims occurred?" ECF 1 at 2. Therefore, the § 1983 claim plaintiff asserts against his father must be dismissed.[1]

Plaintiff also relies on 42 U.S.C. § 1985. Section 1985 pertains to conspiracy to violate constitutional rights, and it is designed to protect citizens in the following instances:

 (1) Preventing officer from performing duties

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required

---

[1] The Court expresses no opinion as to the merits of any other claim that plaintiff may have based on the alleged facts.

to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Although a complaint need not contain detailed allegations, the facts alleged must be sufficient to state a right to relief; it requires "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  "Threadbare recitals of the elements of a cause of action . . . do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).  Moreover, the court must allow the development of a potentially meritorious case, *see Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Cruz v. Beto,* 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson,* 551 U.S. at 93.  However, the contentions are patently insufficient to sustain a § 1985 conspiracy claim; there are no facts in the Complaint as to the alleged conspiracy. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy).

Moreover, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted.[2]  Pursuant to this statute, numerous courts have

---

[2] Title 28 U.S.C. Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> (B) the action or appeal-

performed a preliminary screening of non-prisoner complaints. *See*, *e.g.*, *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a non-prisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted.

In addition to the claim against his father, plaintiff also asserts a § 1983 claim against Spring Grove, alleging that the hospital staff have denied him access to appropriate medical care for his serious medical conditions. ECF 1 at 6–10. In particular, plaintiff claims he has a disability caused by multiple deteriorating and bulging discs; an anxiety disorder; a large abdominal hernia; and post-traumatic stress disorder ("PTSD"). *Id.* Plaintiff also states he is denied pain medication, anxiety medication, and surgery for his hernia. *Id.*

The facts as alleged regarding plaintiff's medical care state a colorable civil rights claim. However, plaintiff has not named a proper defendant as to those claims. Spring Grove Hospital is not a person within the meaning of 42 U.S.C. §1983. Therefore, plaintiff will be granted 28 days in which to supplement his filing, using pre-printed forms for use in filing a civil rights Complaint. In supplementing the Complaint plaintiff must include the names of individuals he claims are responsible for the alleged wrongdoing; the dates of the alleged incidents; and the facts supporting his claim. Case law citations and submission of exhibits with the Complaint are not required.

---

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

An Order follows.


Date: March 2, 2016 /s/
Ellen L. Hollander
United States District Judge